Judge Hagghn
delivered the opinion of the Court.
Richard Waters had an accommodation of ‡5,500 from the Bank of Limestone, secured by the indorsement of William Penick and Israel Jennings, and in the spring of the year I82t), being about to set out for Orleans, he deposited in the bank several notes drawn by him, payable to Penick, and indorsed by Penick and Jennings, tobe filled in renewal of the transaction, whilst absent. The note Which was under discount, when he left the country, fell due on the 11th of April, 1820, and the cashier filled up one of those blanks, in the manner of the original transaction, and as intended by the parties’when it was deposited, and had it discounted in satisfaction of the note then due, and on the same day, he so altered another of the notes which had been deposited with him by Waters, as to niake it upon its face a joint and several note of Wafers and Penick, payable directly to the institution, pasted apiece of paper at the foot of it, and presented it for the signature of Penick, who executed it accordingly, and in the month of June following, the cashier inserted the name of Jennings in the face of the latter note, as an addi--tional obligor, and obtained his signature to it.
The cashier says that the latter note was substituted for the indorsed one, after the signature of Jennings;but ho order was ever made discounting it. There is no *99 controversy as to the consideration of the two last notes, and that in the shape of a joint and several note, Was obtained in cqnsequence of an order of the board, requiring all its notes in that form. No intimation of this order or the change of the note, had been given to Waters until his return, which was in. the month of June; hut circumstances were proved, which left it doubtful whether Penick was or was not apprized of the order of the board, and of the alteration in the note when he executed it, and it might possibly be inferred from the proof, that Waters approved of it upon his return. To recite the proof, however, upon this subject, is deemed, unnecessary; for its weight was with the jury.
.Pleas,
Principal re-. ^otiu^ced'a^a witness,
inslnictíons,..
The cashier of the bank restored to Waters all the blanks except two or three, one of- which had been filled up5 indorsed and discounted, one had been altered and used, as mentioned above, and the other was produced in its original shape, on the first trial of thksu.it;.
Upon the note so changed to a joint andseve.ral.pro”. mise of Waters and indorsers, and executed under the circumstances recited, the bank instituted, a separate action against Penick.
He pleaded — 1st, Payment with notice of set-oíf; to support whicji, he relied upon the- discount of the in-, dorsed note; 2d, that the note in suit was obtained by fraud; 3d, non est factum-, and 4,th, as in the second plea,, stating moreover, that the note was obtained by’the plaintiffs, and others in collusion with them, falsely and. fraudulently representing to the defendant, that it had. been executed by Waters and delivered- the cashier to, get the signature.of'the defendant, and; denying that. Waters had executed it.
On the trial of the cause, the. defendant introduced Waters as a witness, delivering him a release, wbiqh contained likewise a covenant,;that notwithstanding any recovery which might be had against him,, he woufcine-ver call on 'Waters or the- other supposed- security, for-one cent. The testimony of 'Waters w;as calculated to prove that the notes left with the cashier by him, were understood and intended to be filled up i-n th,e original form, and that he never approved or ratified the change.. To this the plaintiff objected';- but the proof was admitted.
The court instructed the jury — 1st,. That if they tibould find that the plaintiffs had filled up the sote of *100 Waters without his consent, binding him in a manner ¿|ifferent from that contemplated or authorized by him, when he delivered the blank to the plaintiffs, the' obligation thus taken was not the deed of Waters; but void as to him, unless they should believe that he re-acknowledged or affirmed the same, after it had been filled, and any act which clearly indicated the assent of the mind to stand to. and perform a contract previously entered into, was a confirmation.
Belease can' on^a present tight.
On the eye-obligation* 8 the principal incurs an oh* demmf^the" surety, which his release to th® Sfasapre-P sent right, to future^80*in
Surety, who bas released his right of in-thcprincipah ami cove* «anted that notwithstanding a recovery , he !dn« woukl never the principal or other joint sureties, to^od*58jko the heirap-° parent, who i** .?v nTey' ranty, from*** ever after as-,-is.vting claim,
^d, That ifthe jury should find that the plaintiffs or thetragent did pot inform the defendant, Penick, that the note was filled up as above supposed, (provided,the jury shopld he satisfied that it was so filled,) it was a fraud on Penick, and rendered the obligation void as *° hinpj unless they should be satisfied from the evi* dence, that Penick was fully apprized of Us having been so filled, without the authority of Waters; and the P°ofof his having been so apprized, lies on the plain-tifi*
3d. If the jury should find that, after the execution' delivery of the note sued on, by Penick, the plain* tiffs inserted the name of Jennings, asa new party thereto, without the assent of Waters and Penick, i? rendered the obligation void as to them, unless they, or one of them, afterwaids confirmed the same; and in case ^ was confirmed by one only, it would be obligatory on him alone.
4th. If the jury should be of opinion that at the time (to on the 11th of April) this obligation was ordered to be discounted, it was not executed by Penick. his subsequent signature and delivery, as security to Waters, would not be obligatory on him, unless the note was again discounted, or executed upon some consideration, operating beneficially to himself or to his pri li-cM?a*’ or injuriously to the plaintiffs,
The jury found for the defendant; judgment was rendered accordingly. The plaintiffs appealed, and it noW becomes the duty of this court to consider of the competency of Waters as a witness, and the correctness of the several instructions on thq trial.
We have been referred to many authorities, to prove 0De obligor may not be a witness for another in a separate action; but they are all inconclusive, because no release appears to ha ye been executed in any of them.
The princi-released"? competent' witness for S1'rct}’> >>i the "obliga-"" tion.
Where a blank is fill-obligation*"» as to bind the Parti differ-the'authorit r and intention at the time of delivery, the nought* un-S lessafter-^artls ®
Ifti^svret^' afterwards^ execute it on {¡cañón'8 without knowing of the altera-be nought at, to him also,
The onus pro-surety^vas^ apprized of sychaltera-íí^oS
Anj aJtera_ tioii,cvenomj-beneficial to deed/
It is, however, contended that the release in the present cas.e can avail nothing, upon the principle that a release can only operate upon a present right. The rule is unquestionable; still, its applicability is not so clear.
Upon the execution of the note in suit, if genuine, Waters incurred an obligation to indemnify Penick, his surety; and it is possible, that by technical law, a release might bear upon that duty, as a present right, to take effect in future. Co. Lit. 265, 9 Johns. Rep. 123, 4 Bibb 331; and many of the eases which are supposed to bear upon this point, are found, upon examination, jo present only questions of construction, and not to depend upon the ability of the party in law, to discharge the demand.
To determine, however, that a release would or would not discharge Waters from all responsibility, does not seem to be indispensable. The heir apparent, it is acknowledged, cannot release to disseisor of his father, nor can he make a valid conveyance; bat if he execute a release or deed of conveyance,, with covenant of warranty, he would be estopped to assert title to the estate afterthe death of the parent; and we cannot perceive how it would be possible for Penick, failing in this suit, successfully to demand remuneration from Waters, notwithstanding the covenant contained in his release. We, therefore, the witness was admitted,
We likewise concur with the circuit court in the first and second instructions given thejury. If the note was made and executed in the manner and under the circumstances supposed, it was certainly inoperative in law.; and in saying this, we do not consider the Judge as invading the province of the jury, as contended by the plaintiffs. On the contrary, every fact was referred to thejury.
Nor do we consider it exceptionable in the Judge, to have required proof from the plaintiffs, that the defendant was apprized ofthe circumstances calculated tode-stroy the note, being transactions of the plaintiffs and their agents.
Touching the third instruction, we apprehend the authorities are conclusive. Although no hardship could possibly result to Penick, by the insertion of the name of another security; yet to protect deeds and written evidences from all possible violence, the law has forbid *102 den any alteration, however immaterial, by the obligee. 11 Co. 27, Shepherd’s Touchstone 66.
After a note has been discounted at bank, it may he executed by sureties, and they will be bound without any new discount or consideration.
The obligation of a surety does not fíe pend on his execution at the same time Viih the principal-.
C. S, Bibb, and Crittenden., for plaintiffs,.
' We do not very clearly understand the object or effect of the fourth instruction given by the circuit court; but it seems to maintain, that if the note was received and. discounted by the bank with the signature of Waters only, and security being expected or required, Penick called and executed it on his part, that a second discount by the bank was indispensable to bind Penick, unless some gain or loss shall have been subsequently enjoyed or sustained by some of'the parties. We can-* not concur in this. We cannot perceive the necessity or propriety of a second discount of the note.
Nor do we understand why the obligation, of'the surety, shall depend upon his execution pf the note at the same time that it was executed by the principal.
Sucha defence, we believe, had not been recognized by the common law or chancery; nor can, any of our statutes be construed to give it.
Judgment reversed with costs, and further proceedings to be had consistent with this opinion.