## Leitner v. Hawkins.

October 28, 1949.

Thornton, Carroll & Trimble for appellant.

Rodman W. Keenon and Robert M. Odear for appellee.

JUDGE LATIMER—Affirming.

Ernest Hawkins, a brother of appellee, Thurman W. Hawkins, had a collision with an automobile being driven by appellant, Anton Leitner, in which Elizabeth Hawkins, a passenger in the Hawkins car, was injured, resulting in the loss of the sight of one of her eyes.

The State Farm Mutual Automobile Insurance Company had theretofore issued a policy of liability insurance to Thurman W. Hawkins covering the insured and any person driving his car with his consent. The accident appears to have been caused by the joint and concurrent negligence of the driver of the Hawkins car and Anton Leitner. Elizabeth Hawkins made claim for her injuries against Thurman W. Hawkins. Thurman Hawkins referred the matter to his insurer, who negotiated with Elizabeth Hawkins for and made settlement of her claim for $1,476.40. The Insurance Company called upon Anton Leitner to pay his one-half of the

claim. Upon his refusal so to do, it brought this action for contribution as authorized by KRS 412.030. For defense Anton Leitner pleaded a release which he had obtained from Thurman Hawkins.

Hawkins' demurrer to the second paragraph of the answer which set up the above defense was sustained. The action continued to trial and a jury returned a verdict in favor of appellee. Leitner appeals.

The only record before us is the pleading. No bill of exceptions has been filed. Consequently, the only question is whether or not the court erred in sustaining plaintiff's demurrer to paragraph 2 of the defendant's answer.

The pertinent part of the release pleaded as a defense reads: "I/we, being of lawful age, have released and discharged, and by these presents do for myself/ourselves, my/our heirs, executors, administrators, legal representatives and assigns, release, acquit and forever discharge Anton Leitner of Lexington, Kentucky and any and all other persons, firms or corporations of and from any and all actions, causes of action, claims, demands, damages, costs, loss of services, expenses, compensation, and all consequential damage on account of, or in any way growing out of, any and all known and unknown personal injuries and death and property damage resulting or which may result from an accident that occurred on or about the 27th day of July, 1947, at or near W. High St. between Upper & Mill, Lexington, Fayette County, Ky."

Apparently appellant is taking the position that the above provision is sufficiently inclusive to discharge him of any liability growing out of the accident, even to the extent of indemnifying him against any loss as a result of the accident. Appellee insists that it is nothing more than a release of Hawkins' claim for his personal injuries and property damages.

Appellee suggests that the payment to Elizabeth Hawkins was pursuant to its obligation to Ernest Hawkins under the omnibus clause of the insurance contract. It is contended that since Ernest Hawkins was driving the car, with the permission of the named insured, it was Ernest Hawkins who was the joint tort-feasor with

Anton Leitner, and the settlement with Elizabeth Hawkins was a fulfillment of the Insurance Company's obligation to Ernest Hawkins as well as its obligation to Thurman Hawkins, and, consequently, any release made by Thurman Hawkins could in no way affect the right of subrogation to Ernest Hawkins to whom it had fulfilled its obligation by the settlement with Elizabeth Hawkins. There is merit in this contention. However, we need not entertain that phase of the case since Thurman Hawkins is the person against whom Elizabeth Hawkins asserted her claim, and it was he who brought this action for and on behalf of the Company. Appellee admits in brief that the action should have been brought directly in the name of the Insurance Company but since no objection was raised by appellant this must be considered as waived.

Ordinarily, a release operates only on a present right, the scope and intent of which depends generally upon the intent of the parties, which must be gathered from the terms of the release in the light of the particular facts and circumstances. See 53 C. J., page 1266 and following, and Bank of Limestone v. Penick, 18 Ky. 98, 2 T. B. Mon. 98. Appellee's brief contains the unchallenged statement that on the day following the accident Leitner and Hawkins were at the police station making a report of the accident, at which time they entered into a mutual release. Presumably, the release of Leitner to Hawkins was the same as the release above. However, since we are dealing only with the pleadings, the question of mutual release cannot enter into the determination of this case, other than that it would be indicative of intent. However, we shall confine ourselves entirely to the release above. It will be noted that Hawkins for himself, his heirs, executors, etc., released and discharged Anton Leitner and any and all other persons from actions, cause of actions, claims and demands, etc., growing out of the accident. In other words, he is merely agreeing not to bring any suit against Anton Leitner or any one else for personal injuries or property damages as a result of the accident. By no degree of imagination can it be said that he is undertaking thereby to indemnify Leitner against any loss as against some one else.

At the time the release above was signed, obviously

no demand for contribution could have been made. This right subsequently matured, and it is the general law that demands subsequently maturing are not as a rule discharged by release unless expressly provided for or falling within the fair import of the terms of the release. Leitner was one of the joint tort-feasors and Elizabeth Hawkins could have brought the suit against him. In which event, to take appellant's position, under his interpretation of the release, Hawkins would have to come in and defend for him and indemnify Leitner against any verdict sustained against him. Or, to put it another way, suppose Elizabeth Hawkins had sued Leitner and obtained judgment against him, could Leitner be denied right of contribution from Hawkins. The release purports no such meaning or intent, and we would be going far afield so to declare.

Having taken this view of the matter it is unnecessary to discuss appellant's contention that since the Insurance Company had a contract of subrogation with the insured, Thurman W. Hawkins, and since Hawkins executed the above release, the Insurance Company stands in no better position than appellee himself. The right of an insurance carrier of one joint tort-feasor, after having made settlement with the injured party, to maintain an action against the other tort-feasor for contribution is well settled in this jurisdiction. Consolidated Coach Corporation v. Burge, 245 Ky. 631, 54 S. W. 2d 16, 85 A. L. R. 1086.

We conclude, therefore, that the court properly sustained the demurrer.

The judgment is affirmed.