HAWKEYE-SECURITY INSURANCE COMPANY, INC., a corporation, appellee, v. LOWE CONSTRUCTION COMPANY, a corporation, appellant.

No. 49793.

(Reported in 99 N.W.2d 421)

28

NOVEMBER 17, 1959.

Kopf & Christiansen, Clarence H. Christiansen and Howard E. Petersen, all of Davenport, for appellant.

O'Connor, Thomas, McDermott & Wright and Eugene D. Wright, all of Dubuque, for appellee.

GARFIELD, J.—This is a law action by plaintiff-company, insurer of Marvin Nickol, to recover from defendant, Lowe Construction Company, contribution of half the amount paid by plaintiff in settlement of claims for death of a Mr. Leyendecker, personal injuries to his wife, and damage to his automobile resulting from a collision between a truck owned by plaintiff's insured and the automobile owned and driven by Leyendecker. The petition alleges the collision was caused by the combined negligence of an employee of Nickol and employees of defendant. Defendant moved to dismiss the petition as not stating a cause of action. The motion was overruled and we granted defendant an appeal, under rule 332, Rules of Civil Procedure, from the ruling.

The petition as amended alleges plaintiff issued a public liability insurance policy to Nickol covering operation of a truck owned by him; just prior to July 14, 1958, defendant's employees negligently dropped dirt, clay and mud on the traveled part of Highway 20 near Dubuque and it became slippery and hazardous; an employee of Nickol, driving the latter's truck at that place, lost control of it because of the slippery and hazardous condition and it invaded the travel lane of Leyendecker, demolishing his automobile, causing his death, and injuries to Mrs. Leyendecker, a passenger in the car; defendant's employees were negligent in five respects and, as stated, their negligence combined with that of Nickol's employee to cause the collision and resulting damages; Leyendecker and wife were free from contributory negligence; both Nickol and defendant were promptly notified of the collision and settlement negotiations were commenced; the interested claimants offered to settle all claims for $23,598, of which $19,000 was for Leyendecker's death, $2500 was for Mrs. Leyendecker's injuries, and $2098 was for the subrogation claim of Allied Mutual Casualty Company which issued a collision insurance policy on the Leyendecker car; from investigation it was determined these offers were fair, reasonable and just; plaintiff and Nickol demanded that defendant contribute 50 per cent to the settlement; after placing defendant on notice plaintiff paid said claims in the total sum of $23,598, they were released and defendant and Nickol were discharged. Prayer of the petition is for judgment for half the amount paid, plus interest and costs.

Defendant's motion to dismiss the petition asserts plaintiff's action would deprive defendant of a jury trial on the Leyendecker claims and plaintiff proposes to substitute its judgment for that of a jury; the release of one joint tort-feasor is the release of all, including defendant; plaintiff's petition alleges active negligence on the part of its insured and passive negligence on the part of defendant; plaintiff was a volunteer in making settlement of the claims, not a joint tort-feasor; the part of plaintiff's policy providing for subrogation to Nickol's rights is contrary to public policy in certain respects; the petition shows the collision was due solely to failure of Nickol's employee

to have control of the truck; the releases attached to the petition show that Nickol and his employee denied liability for the collision.

We hold it was not error to overrule the motion to dismiss.

As defendant concedes, of course the motion admits all well-pleaded facts in the petition for the purpose of testing their legal sufficiency. Herbst v. Treinen, 249 Iowa 695, 699, 88 N.W.2d 820, 823, and citations.

I. Best v. Yerkes, 247 Iowa 800, 810, 77 N.W.2d 23, 29, 60 A. L. R.2d 1354, 1362, after thorough consideration, holds there is at least a right of equitable contribution between joint tort-feasors where there is no intentional wrong, moral turpitude or concerted action between them. Comment on the decision in 42 Iowa Law Review 450, 454, states: "The logic of permitting contribution is that it is obviously unfair to force one defendant to bear an entire loss for which two defendants are equally, unintentionally responsible. The Iowa Court has now taken a stand advocated by legal scholars."

The annotation to Best v. Yerkes in 60 A. L. R.2d 1366, 1377, says: "The minority—and, it seems, growing—view * * * is this: the rule which bars contribution among joint tort-feasors is not appropriately applied to joint tort-feasors guilty of nothing more than negligence; hence, there is a common-law right of contribution as between such joint tort-feasors."

Best v. Yerkes, supra, is followed in Constantine v. Scheidel, 249 Iowa 953, 90 N.W.2d 10, where equal contribution was enforced in a suit in equity by one joint tort-feasor against another after plaintiff had been compelled to pay the full amount of a judgment in favor of an injured third party against them both.

We have no desire to retreat from our decision in Best v. Yerkes, reaffirmed as it is in Constantine v. Scheidel.

II. Plaintiff's right to bring this action at law, rather than in equity, is not properly challenged by a motion to dismiss. A motion to transfer to the proper docket would be the correct mode of raising the question. Sections 611.7-.8-.9, Code, 1958; Riter v. Keokuk Electro-Metals Co., 248 Iowa 710, 716, 82 N.W.2d 151, 155, and citations; Newton v. Grundy Center, 246 Iowa 916, 70 N.W.2d 162; In re Estate of Pierce, 245 Iowa

22, 30, 60 N.W.2d 894, 899, 900, and citations. Since no motion to transfer to equity was made we may assume there was no impropriety in bringing it at law rather than in equity.

■ III. There is no merit to the ground of defendant's motion that plaintiff's action would deprive defendant of a jury trial on the Leyendecker claims. It has the same right to a jury trial on these claims as if the action had been brought against it by the original claimants. Although it is not shown plaintiff demanded a jury trial, defendant may do so according to rule 177, Rules of Civil Procedure.

Plaintiff has alleged the injuries and damage to the Leyendeckers were caused by the combined negligence of its insured's employee and defendant's servants in certain respects, the Leyendeckers were free from contributory negligence, defendant was given notice of the offers of settlement and demand was made that it contribute thereto, the negotiated settlements were fair, reasonable and just, the money was paid and releases of both joint tort-feasors were obtained. Upon the trial plaintiff will have the burden to prove these allegations and defendant may rebut them. As stated, upon the present appeal they stand admitted. These allegations include all those the original claimants would be required to make and prove if they had brought the action.

It is true plaintiff is an insurance company rather than the widow of Mr. Leyendecker. (She was also executrix of her husband's estate.) It would seem defendant's chance of a favorable verdict is not lessened by this circumstance. And in the present action judgment is sought for only half the amount paid in settlement.

See in support of our conclusion on this point: Consolidated Coach Corp. v. Burge, 245 Ky. 631, 54 S.W.2d 16, 18, 85 A. L. R. 1086, 1090, and citations; Duluth, M. & N. R. Co. v. McCarthy, 183 Minn. 414, 236 N.W. 766, 768; Western Casualty & Surety Co. v. Milwaukee Gen. Constr. Co., 213 Wis. 302, 251 N.W. 491, 493.

■ IV. Nor do we find merit in the ground of the motion to dismiss that defendant has been released from liability to the Leyendeckers and their collision insurer, Allied Mutual. The releases relied upon are those procured by plaintiff from the

original claimants upon payment of the sum agreed upon in settlement of their claims. It is true, generally, that the release of one joint tort-feasor is the release of all. Resort need not be had to this rule here because the releases themselves, attached to the petition, recite that they release all persons claimed to be liable for the Leyendecker and Allied Mutual claims. But these releases constitute no defense to this action for contribution to the sum plaintiff paid in procuring them.

██ Ordinarily the right of contribution becomes complete and enforceable only upon payment by a claimant which discharges more than his just share of the common obligation. Consolidated Coach Corp. v. Burge, supra, 245 Ky. 631, 54 S.W.2d 16, 85 A. L. R. 1086, 1090; McKay v. Citizens Rapid Transit Co., 190 Va. 851, 59 S.E.2d 121, 20 A. L. R.2d 918; Western Casualty & Surety Co. v. Milwaukee Gen. Constr. Co., supra, 213 Wis. 302, 251 N.W. 491, 492; State Farm Mut. Auto. Ins. Co. v. Continental Cas. Co., 264 Wis. 493, 59 N.W.2d 425, 427; 13 Am. Jur., Contribution, section 10; 18 C. J. S., Contribution, section 4. It seems to us the effect of defendant's contention is that part of the transaction which made plaintiff's cause of action enforceable is fatal to its right to recover.

See in support of our holding in this division the precedents cited last above; also Henry Fuel Co. v. Whitebread, 99 App. D. C. 9, 236 F.2d 742; Leitner v. Hawkins, 311 Ky. 300, 223 S.W.2d 988; Duluth, M. & N. R. Co. v. McCarthy, supra, 183 Minn. 414, 236 N.W. 766; Rusch v. Korth, 2 Wis.2d 321, 329, 86 N.W.2d 464, 468 ("All parties stipulated that such release should not prejudice Korth's cause of action for contribution. It would not have done so in the absence of stipulation.").

██ V. The contention the action will not lie because, it is said, the negligence of plaintiff's insured was active and that of defendant passive seems to be inconsistent with our decision in Best v. Yerkes, supra, 247 Iowa 800, 810, 77 N.W.2d 23, 29, 60 A. L. R.2d 1354, 1362, that at least a right of equitable contribution exists between joint tort-feasors where there is no intentional wrong, moral turpitude or concerted action by them. Thus the line is drawn between cases where there is only inadvertence such as negligence and those, on the other hand, where there is intentional wrong, moral turpitude or concerted action.

The Best opinion mentions "active" and "passive" negligence in this language (page 807 of 247 Iowa, page 28 of 77 N.W.2d, page 1360 of 60 A. L. R.2d): "We have spoken of 'active' and 'passive', and of 'primary' and 'secondary', negligence. But the terms aid little, and in fact are often difficult to define."

It is true that in Tennessee a joint tort-feasor is allowed contribution from another where the former's negligence was only passive and that of the other was active. Davis v. Broad Street Garage, 191 Tenn. 320, 232 S.W.2d 355; American Cas. Co. v. Billingsley, 195 Tenn. 448, 260 S.W.2d 173. See annotation, 60 A. L. R.2d 1366, 1381, 1382. This seems to be an exception to the rule there prevailing that no contribution is allowed between joint tort-feasors. As we have tried to explain, Best v. Yerkes repudiates this rule in Iowa as applied to tort-feasors whose conduct is inadvertent or negligent.

■ VI. It is said the action will not lie because plaintiff was a volunteer, not a joint tort-feasor, in settling the Leyendecker claims.

Of course plaintiff was not a joint tort-feasor. The policy issued to Nickol, attached to the petition, provides plaintiff will "pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, * * * death * * * injury to or destruction of property * * * caused by accident * * *." It obligates plaintiff to defend any suit against its insured alleging such damages but states it may investigate and settle any claim as it deems expedient. The policy also provides, "in the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization * * *."

It is doubtless true this action would not lie if plaintiff's payment of the Leyendecker claims were voluntary in the legal sense. But we think this does not appear from plaintiff's petition. Certainly if action were brought and judgment rendered against Nickol on the original claims, plaintiff's payment thereof would not be voluntary but in fulfillment of its contract obligations to its insured. Indeed defendant's argument states, "plaintiff's petition clearly shows it made the alleged settlement

under the contractual obligations of its policy." And the motion to dismiss contains virtually the same allegation.

■ No sound reason compelled plaintiff to refuse to pay the claims until suit was brought and they were reduced to judgment. `In the absence of a statute to the contrary it was entitled to pay them when, as the petition alleges, its investigation satisfied it the offers of settlement were fair, reasonable and just. And such payment was no less involuntary than payment of a judgment upon the claims. The law favors settlement of controversies without resort to litigation. It is not unlikely the amount of this settlement is substantially less than plaintiff would have been compelled to pay if the original claims had been litigated.

Precedents supporting the view that payment of the Leyendecker claims was not rendered voluntary by the fact it was by way of a negotiated settlement before judgment include: Consolidated Coach Co. v. Burge, supra, 245 Ky. 631, 54 S.W.2d 16, 85 A. L. R. 1086; Leitner v. Hawkins, supra, 311 Ky. 300, 223 S.W.2d 988; Duluth, M. & N. R. Co. v. McCarthy, supra, 183 Minn. 414, 236 N.W. 766; Employers Mut. Cas. Co. v. Chicago, St. P., M. & O. Ry. Co., 235 Minn. 304, 50 N.W.2d 689, 693; McKay v. Citizens Rapid Transit Co., supra, 190 Va. 851, 59 S.E.2d 121, 20 A. L. R.2d 918; Western Casualty & Surety Co. v. Milwaukee Gen. Constr. Co., supra, 213 Wis. 302, 251 N.W. 491, 492; Rusch v. Korth, supra, 2 Wis.2d 321, 86 N.W.2d 464, 468. See also City of Des Moines v. Des Moines Water Co., 188 Iowa 24, 35, 175 N.W.821 (recognizing the right of indemnity or full reimbursement for a payment by way of settlement of a claim for damages); 13 Am. Jur., Contribution, sections 12 and 13; 18 C. J. S., Contribution, section 4, page 9.

■ Western Casualty & Surety Co. v. Milwaukee Gen. Constr. Co., supra, a case strikingly like this, expresses what seems to be the prevailing view on the matter of involuntary payment in this language (page 305 of 213 Wis., page 492 of 251 N.W.) : "The doctrine rests upon compulsory payment, but compulsion in legal contemplation ·exists when a legal obligation to pay exists. [Citations] One confronted with an obligation that he cannot legally resist is not obliged to wait to be sued and to lose a reasonable opportunity to make a favorable com-

promise in order to avoid assuming the character of an interloper or volunteer in the matter of paying a liability common to him and another."

Of the precedents before cited in this division, the right of contribution of an insurer of one of the tort-feasors is recognized or assumed to exist in Leitner v. Hawkins (Ky.); Employers Mut. Cas. Co. v. Chicago, St. P., M. & O. Ry. Co. (Minn.); McKay v. Citizens Rapid Transit Co. (Va.); Western Casualty & Surety Co. v. Milwaukee Gen. Constr. Co. (Wis.), all supra. To these may be added: Hardware Mut. Cas. Co. v. Rasmussen Drug Co., 261 Wis. 1, 51 N.W.2d 551; State Farm Mut. Auto. Ins. Co. v. Continental Cas. Co., supra, 264 Wis. 493, 59 N.W.2d 425, cited with apparent approval in Best v. Yerkes, supra, 247 Iowa 800, 808, 77 N.W.2d 23, 28, 60 A. L. R.2d 1354, 1361.

Defendant has cited a few older precedents from states *where contribution is not allowed between joint tort-feasors* which hold, in effect, that an indemnitor, subrogee or assignee of one of the tort-feasors acquires no greater right of contribution than the tort-feasor had. See, as to rights of an assignee, Manowitz v. Kanov, 107 N. J. Law 523, 154 A. 326, 75 A. L. R. 1464, and annotation 1468, and, as to rights of an indemnitor of one of the tort-feasors, Royal Indemnity Co. v. Becker, 122 Ohio St. 582, 173 N.E. 194, 75 A. L. R. 1481, and annotation 1486 (supplemented in 171 A. L. R. 271). If it be assumed there is no right of contribution between the tort-feasors these decisions are undoubtedly sound. A contrary holding would, in effect, circumvent the prohibition against contribution between tort-feasors.

However, no reason occurs to us why plaintiff should not have the same right of contribution its insured had. It is an indemnitor and subrogee of Nickol and, in practical effect, his assignee. Certainly Nickol could legally assign his claim for contribution if he, rather than plaintiff, had paid the Leyendecker claims. Plaintiff's position is no less favorable than that of such an assignee. "* * * it seems manifest that a recognized common-law right of contribution among negligent joint tort-feasors will not be lost merely because of an assignment of that right." Annotation, 60 A. L. R.2d 1366, 1389. See also 13 Am. Jur., Contribution, section 109.

Rule 2, Rules of Civil Procedure, states the familiar requirement that, "Every action must be prosecuted in the name of the real party in interest." We think plaintiff is such a party.

VII. Defendant-appellant has not assigned error based upon, nor argued, the ground of its motion which asserts the subrogation provision of its policy is contrary to public policy in certain respects and hence void. The ground is therefore deemed waived. Rule 344(a)(4)(Third), Rules of Civil Procedure; Waterloo Savings Bank v. Waterloo, C. F. & N. R., 244 Iowa 1364, 1376, 1377, 60 N.W.2d 572, 579, and citations; In re Estate of Kneebs, 246 Iowa 1053, 1056, 70 N.W.2d 539, 541.

VIII. We cannot agree the petition shows upon its face the collision was caused solely by failure of Nickol's employee to have control of the truck. See in this connection Kehm v. Dilts, 222 Iowa 826, 270 N.W. 388; Zielinski v. Dolan, 127 Neb. 153, 254 N.W. 695; Kelleher v. City of Newburyport, 227 Mass. 462, 116 N.E. 806, L. R. A. 1917F 710. If this is shown by the evidence upon the trial of course plaintiff will not be entitled to contribution from defendant as Nickol or his insurer would be required to bear the entire loss.

Nor may it be held the petition shows upon its face Nickol's employee was guilty of an intentional wrong in operating the truck, so as to preclude contribution under our decision in Best v. Yerkes, supra, 247 Iowa 800, 810, 77 N.W.2d 23, 29, 60 A. L. R.2d 1354, 1362. Such a holding would mean that virtually all motor-vehicle collisions are caused by intentional wrong. See Hardware Mut. Cas. Co. v. Danberry, 234 Minn. 391, 48 N.W.2d 567, and citations.

IX. The releases of the Leyendecker claims recite, "this settlement is the compromise of a doubtful and disputed claim, and the payment is not to be construed as an admission of liability on the part of Marvin Nickol and Louis Freiburger [employee] by whom liability is expressly denied." Defendant contends this denial of liability is fatal to plaintiff's case but we think not.

It is true the right to contribution presupposes actionable negligence of both parties toward an injured third party. Best v. Yerkes, supra, at page 805 of 247 Iowa, pages 26, 27 of 77

N.W.2d, page 1359 of 60 A. L. R.2d. But we see no sound basis for holding, in effect, this denial of liability in the releases nullifies the admitted allegations of the petition that Nickol's employee was negligent and his negligence combined with that of defendant's servants to cause the collision. The releases will probably be received in evidence upon the trial since they are part of plaintiff's case, and the effect of the denial of liability and any explanation thereof may be proper matters for jury consideration.

X. Defendant argues the ruling appealed from may be affirmed only by our invasion of the legislative field. It is true the right of contribution is controlled by statute in some states. But we decided in Best v. Yerkes, supra, to recognize such right in the absence of statute. Defendant's argument is really an attack upon that decision which accords with precedents in a growing number of jurisdictions. The common-law rule frequently said to deny contribution between joint tortfeasors was evolved by courts. If, as we think, this rule should be limited to cases where there is intentional wrong, moral turpitude or concerted action, it seems to be entirely proper for us to so limit the rule without waiting for the legislature to do so.

The present case involves merely the enforcement of a right we have twice held exists in this state. Nothing is decided herein that has not been decided by courts of several other jurisdictions.

We have not discussed every contention defendant makes in argument but none has been overlooked. We think the petition is not subject to dismissal upon any ground of defendant's motion to dismiss that is argued here. The ruling appealed from is therefore—Affirmed.

All JUSTICES concur.