**Ben Frank EDESTER and Ersie Edester, Appellants,**

**v.**

**Arch L. HEADY, Sr., Anna L. Heady, Arch L. Heady, Jr. and Virginia Heady dba Arch L. Heady & Son, Appellees.**

Court of Appeals of Kentucky.

Feb. 8, 1963.

William A. Miller, Miller & Howard, Louisville, for appellants.

Victor W. Ewen, Jones, Ewen & Mac-Kenzie, Louisville, for appellees.

C. WARRAN EATON, Special Commissioner.

Ben Frank Edester and his wife, Ersie Edester, plaintiffs in the lower court, filed their joint complaint to recover damages which each sustained in a motor vehicle accident. Mrs. Edester was a passenger in the automobile owned and operated by Mr. Edester. In response to the plaintiffs' complaint the defendants below filed an answer and counterclaim against Ben Frank Edester asking that they have contribution against Mr. Edester on any judgment which Mrs. Edester might recover against them. Thereafter the plaintiffs filed a motion requesting, among other things, that their action be severed and separate trials granted; that defendants' counterclaim be stricken; that if the counterclaim be disregarded as a claim and denominated a third-party complaint, then separate trials be granted; that the counterclaim be dismissed because it was not asserted in the name of the real party in interest, to-wit, the defendants' liability insurance carrier; and finally that the counterclaim be dismissed because the defendants by signing a release had released and discharged Mr. Edester from all claims and demands, including this claim for contribution.

The lower court declined to strike or dismiss the counterclaim, refused to grant a separation or separate trials, declined to make defendants' liability insurance company a party, and ordered the counterclaim to be considered as a third-party complaint against Mr. Edester on Mrs. Edester's claim, and the case tried as to all issues presented by the pleadings. The jury returned a verdict in favor of Mrs. Edester for $2,000.00 and held against Mr. Edester on his claim. Following the verdict there was put in the record the fact that Mrs. Edester had been paid the sum of $435.00 by settlement with her husband's liability insurance company and final judgment as entered herein awarded Mrs. Edester the sum of $2,000.00 subject to a credit of $435.00, awarded her her costs, and said judgment further provided that the defendants recover from Mr. Edester the sum of $1,000 (half of the $2,000.00 judgment), subject to the aforesaid credit of $435.00.

The Appellant Ben Frank Edester raises on this appeal the following three questions: (1) Did the release and indemnifying agreement referred to in the record bar Heady's claim for contribution against Edester? (2) Was Heady's claim for contribution properly asserted as a counterclaim or third-party complaint, and if so, did the Court err in refusing to sever the

cases of Ben Frank Edester and Mrs. Ersie Edester against Heady and grant separate trials? (3) Should the Court have required Heady to joint his liability insurance company as a necessary and proper party?

■ As to the first question concerning the release and indemnifying agreement, the Panel is of the opinion that the release would be governed by the same ruling as was declared by the Court of Appeals in the case of Leitner v. Hawkins, 311 Ky. 300, 223 S.W.2d 988, wherein the Court held that the release only went to release a present right and therefore did not release a subsequently maturing claim for contribution. The Court in the Leitner case stated, "The release purports no such meaning or intent, and we would be going far afield so to declare." As was pointed out in Appellees' brief:

"Had the insurance company which prepared this release which its adjuster had Heady execute intended that Heady should protect it and Ben Frank Edester against the claims of Mrs. Edester, and had it in turn disclosed to Arch Heady that such effect was intended, this instrument would have been explicit on the point and would have made some reference to the claims of others and not only to those of Heady. We do not believe that the Court will add to this instrument the words which would be necessary to give it the import urged by Appellant."

■ The points raised on this appeal by Question (2) referred to above have caused the Panel the greatest concern. Although the Appellant in his question raised the point as to the propriety of considering the counterclaim as a third-party complaint, neither the Appellant nor the Appellee in their briefs argued the question of whether or not the Court properly under CR 14.01 elected to consider the counterclaim as a third-party complaint. This rule governing third-party practice refers to "a person not a party to the action" as being a proper subject of a third-party complaint and sets forth the procedure for bringing· such a person into the action. One method of achieving this end as in the present case where the proposed third-party defendant is a joint plaintiff would be to sever the claims and then permit the defendants to file a third-party complaint against Mr. Edester. It occurs to the Panel that the lower court did by direction what could have been done by indirection, that is, he elected to treat the claim of Mrs. Edester as a cause of action and Mr. Edester's claim as a cause of action without severance and thus permitted the plaintiffs' counterclaim to be considered as a third-party complaint against him. The result in procedure which the lower court reached would be identical to that which it would reach had it actually severed the two claims and then permitted the third-party complaint to be filed as provided under CR 14.01. The Panel is of the opinion that technically speaking, Mr. Edester was not a party to his wife's action and that he should have been subject to being a third-party defendant as to her claim. This then brings to focus the other procedural question as to whether the Court should have granted separate trials, and since this is a matter within the discretion of the lower court and the discretion in this case does not seem to have been abused in any way, the Panel is of the opinion that the lower court properly refused plaintiffs' motion for severance and separate trials inasmuch as all of these issues were properly triable at one time and arose out of the same accident. Also in regard to this question, it should be noted that the plaintiffs below seem reconciled to the fact that the lower court had the right to consider this counterclaim as a third-party complaint because in their motion below they requested separate trials if the counterclaim be dismissed as such and denominated a third-party complaint. Perhaps the rule as to third-party practice should be modified so as to specifically permit a defendant to name a joint plaintiff as a third-party defendant, but even without such change in the rule we

are of the opinion that the Court properly ruled as it did in the interest of avoiding unnecessary costs, delays and further litigation.

 The third point raised by Appellant is presented by Question (3) referred to above and needs very little comment. The Panel feels that the question was properly answered by the cited case of Mayer et al. v. Dickerson et al., Ky., 321 S.W.2d 56. The defendants' liability insurance carrier not having incurred any liability because no judgment had at that time been entered, certainly was not a real party in interest and to have required such company to have been a party to this litigation would have been contrary to previous rulings of the Court of Appeals that any evidence of the liability insurance would be improper and grounds for a new trial because of its prejudicial character.

The Panel, finding no prejudicial error and being of a unanimous opinion in this case, judgment is accordingly affirmed.

---

The opinion is approved by the Court.