Lewis G. MARTIN, Appellant,

v.

Arthur GUTTERMUTH et al., Appellees.

Court of Appeals of Kentucky.

May 27, 1966.

William D. Grubbs, Louisville, for appellant.

Lively M. Wilson, Robert G. Breetz, Stites, Peabody & Helm, Louisville, for appellees.

CLAY, Commissioner.

This is a suit for contribution brought by appellant plaintiff against defendant appellees. After a trial on the issue of negligence and the return of a verdict favorable to plaintiff, the trial court sustained defendants' motion to dismiss on the pleadings, upon which issue the court had reserved its ruling.

An automobile collision took place between plaintiff's automobile and defendants' limousine. Plaintiff's insurance carrier settled defendants' claims by paying $650 to them and obtaining a release. Thereafter the insurance carrier settled claims of passengers in defendants' limousine for $3,266.-30. This suit was brought by plaintiff (for the benefit of his insurance carrier) to recover as contribution one-half the amount paid the passengers on the theory that defendants were joint tort feasors.

Defendants' defense, upheld by the court, was that the plaintiff's payment of $650 in settlement of the defendants' claims estopped him from making his claim for contribution.

Both parties discuss the effect of the insurance aspects of the case. We believe the problem may be solved by ignoring the part played by plaintiff's insurance carrier. The narrow issue is whether one joint tort feasor who settles a claim with the other by making a payment of money thereby estops himself to assert against the other a claim for contribution subsequently accruing.

We cannot find a basis for such estoppel. When the plaintiff settled with the defendants he simply bought his peace with respect to any claim defendants might have against him. It may be that with respect to any

claims then *existing* as between the two parties, the transaction constituted a mutual release so that the plaintiff could not sue the defendants for his personal injury or property damage arising out of the accident. That is the type of situation which appears to constitute the basis of defendants' plea of estoppel, their principal cases being: Wm. H. Heinemann Creameries v. Milwaukee Automobile Insurance Company, 270 Wis. 443, 71 N.W.2d 395, 72 N.W.2d 102; Giles v. Smith, 80 Ga.App. 540, 56 S.E.2d 860; Kelleher v. Lozzi, 7 N.J. 17, 80 A.2d 196.

It is unnecessary to decide if we should follow those decisions, although we question the reasoning that in a settlement of this nature either party admits the other is right or wrong. The release agreement in the present case expressly denied liability on the part of the plaintiff.

Whether the plaintiff could have sued the defendants for his personal injury or property damage after the payment to the defendants is not the question before us. It is whether plaintiff must be held to have agreed by implication or otherwise that he would not assert against defendants a *subsequently accruing* contribution claim. We believe Leitner v. Hawkins, 311 Ky. 300, 223 S.W.2d 988, followed in Edester v. Heady, Ky., 364 S.W.2d 811, is conclusive on the point. There the situation was reversed in that the joint tort feasor who had been paid money sued the other joint tort feasor to whom he had given a most comprehensive release. We held that such release did not bar a claim for contribution. In the course of the opinion we envisioned the precise situation we have here and recognized the right of each joint tort feasor to sue the other for contribution in spite of a prior mutual settlement between them. If, as in the Leitner case, a written agreement not to assert any claim is not a bar to contribution, we could not hold that an agreement arising by implication could have greater force and effect in the absence of such manifest intention.

We find no evidence of such an intention. Nor can we find a ground for estoppel. Plaintiff's position is not inconsistent with the one he took to forestall the assertion of defendants' claims, nor is it unconscionable to maintain this suit. Those are elements of equitable estoppel to which defendants refer us. See Louisville Joint Stock Land Bank v. McMurry, 278 Ky. 238, 128 S.W.2d 596. As a matter of fact, it would be unconscionable to relieve defendants of this liability in view of the fact that under the Leitner case, in spite of the complete release given by the defendants to the plaintiff, they could have sued the plaintiff for contribution had they been subjected to liability to the injured third-parties.

The judgment is reversed with directions to enter a judgment for the plaintiff upon the jury verdict.