**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,**

v.

**ALLSTATE INSURANCE COMPANY, Christopher D. Knight, Edward Profitt and Rondell W. Wills, Jr., Appellees.**

**ALLSTATE INSURANCE COMPANY and Christopher D. Knight, Cross-Appellants,**

v.

**Edward PROFITT, State Farm Mutual Automobile Insurance Company, Rondell W. Wills, Jr., and Guy Hutcheson, Cross-Appellees.**

Court of Appeals of Kentucky.

Nov. 30, 1984.

Case Ordered Published by Court of Appeals Feb. 1, 1985.

Rehearing Denied Feb. 1, 1985.

William J. Rudloff, Harlin, Parker & Rudloff, Bowling Green, for appellant and cross-appellee State Farm Mut. Auto. Ins. Co. and cross-appellee Guy Hutcheson.

Kelley Thompson, Jr., Bowling Green, for Edward Profitt.

David F. Broderick, Cole, Harned & Broderick, Bowling Green, for Allstate Ins. Co. and Christopher D. Knight.

Donald Mintmire, Barnett & Alagia, Nashville, Tenn., for Rondell W. Wills, Jr.

Before HOWARD, LESTER and WHITE, JJ.

LESTER, Judge.

This is an appeal in a tort action arising out of an automobile accident from a judgment entered upon a jury verdict and two orders. The defendant, a third party plaintiff and an intervening defendant prosecute the cross-appeal.

On January 12, 1981, while traveling to one of his farms along Morehead Road in Warren County, Edward Profitt observed that an automobile operated by Rondell Wills, Jr., had skidded into a ditch. Also arriving at the scene in a pickup truck was Guy Hutcheson. The group was unable to extract the Wills vehicle from the depression, so they concluded to connect the car to Hutcheson's truck with a chain and in order to gain traction, Profitt stood in the back of the pickup. At a point in time when the Wills auto was back on the road, Christopher Knight came over the crest of a hill from the opposite direction in a full size Plymouth Fury and, due to the sheet of ice on the pavement, he was unable to stop and struck the Hutcheson truck head-on, injuring Profitt who was still standing in the bed. Appellant, State Farm Mutual, was the insurer of Hutcheson while Allstate was Knight's carrier.

Profitt sued Knight and the defendant filed a third-party complaint against Wills and Hutcheson. State Farm filed an intervening complaint against Allstate, Knight's

insurer, and Knight, asserting its claim for reimbursement of no-fault benefits paid to Hutcheson and Profitt. However, prior to the institution of the original complaint, Hutcheson executed a release to Knight and Allstate exonerating them for any further liability arising out of the accident. Based thereon, Knight filed a motion to dismiss the intervening complaint of Allstate against him as well as Hutcheson's counterclaim against Knight. Not to be outdone, Hutcheson and State Farm moved to dismiss the claims of Knight and Allstate against him. Both parties briefed their respective positions as to the effect of the release with State Farm and its insured relying thereon for dismissal of the Allstate–Knight claim against them. Knight, in turn, urged that equitable estoppel precluded his adversaries' claims since the settlement made by his carrier was without his consent or ratification, meaning that the release had no effect on any claim he had against Hutcheson. The issues were briefed and the court entered an "Interlocutory Order" on April 6, 1983, which, among other things, dismissed State Farm's intervening complaint against Knight and Allstate with prejudice. In addition, the court, in the same order, dismissed Knight's third-party complaint against Hutcheson since the release operated as a settlement of all claims between these individuals; and dismissed Hutcheson's counterclaim against Knight with prejudice. The case was tried to a jury in July, 1983, which resulted in a verdict for Profitt in the amount of $8,120 ($1,500 medical, $1,620 lost wages and the balance pain and suffering), apportioned 75% against Knight, 25% against Hutcheson, and 0% to Wills. The record reflects that no appearances were made on behalf of appellant.

Subsequent to the entry of the trial order and judgment, State Farm moved to alter or amend the entry requesting the court to allow it to recover from Allstate and/or Knight the $2,350.65 BRBs it had paid Profitt for medical expenses and lost wages. The court, in overruling the motion, made a curious conclusion that its ruling was based upon the premise that "... prior to trial, the Court, *on motion of said movant*, dismissed it with prejudice" (emphasis added). The court continued by pointing out that appellant "took no part in the trial." State Farm appeals seeking reversal and remand with directions to the trial court to enter an amended judgment allowing it recovery of the BRBs against Allstate and/or Knight, while the other carrier cross-appeals asking reinstatement of Knight's claim for contribution and indemnity from Hutcheson and a jury trial.

■ At the expense of oversimplifying the issues, we believe that the answer lies in *Grange Mutual Casualty Co. v. McDavid*, Ky., 664 S.W.2d 931 (1984), and *Stovall v. Ford*, Ky., 661 S.W.2d 467 (1983), neither of which opinions had been issued at the time the court below issued its several orders. *Stovall* teaches that an insured's right to BRBs as an element of damages was abolished by KRS 304.39–060(2)(a) and that the only real party in interest is the reparation obligor and it follows that it is the only party which may be awarded that type of damages. *See also Progressive Casualty Co. v. Kidd*, Ky., 602 S.W.2d 416 (1980). When the insured files suit against the tortfeasor, the "trial court is required by law" to permit the no-fault insurer to "piggyback" its claim against the tortfeasor's insurer and, as the real party in interest, it is "the only party who could give the tortfeasor and his insurer a release for elements of damages covered by basic reparation benefits." *Grange, supra*. Therefore, any release executed by Hutcheson to Knight and Allstate was ineffective as to appellant's claim for BRBs.

Appellees argue that even though appellant properly filed its intervening complaint, it abandoned this pursuit when it requested, at a hearing, that its claim be dismissed coupled with its failure to participate in the trial. Of course, State Farm denies it moved to dismiss its own action. Allstate relies solely upon the language of the court's order overruling the motion to alter or amend the judgment. There are

several factors that lead us to the conclusion that appellant did not request dismissal. In the first place, Allstate makes no citation to any point in the record where State Farm took the alleged step. Secondly, there is no transcript of the hearing. Thirdly, the court fails to make any mention of a voluntary dismissal in its interlocutory order which was much closer in time to the hearing, if any, than the entry made five months later. Finally, if State Farm had in fact withdrawn its complaint, then why did it, within six working days, file its motion to alter the final judgment? There is every indication that the trial court was mistaken in its belief that appellant requested dismissal of its complaint. In addition, if the parties participate in a hearing involving not one but more motions to dismiss causes of action, they should have the foresight to have a transcript made to protect their positions in the event of appeal.

■ We put little merit in the argument concerning State Farm's failure or refusal to participate in the trial. Be it remembered that the trial commenced on July 5, 1983, and that some ninety days prior thereto the court had ordered appellants' intervening complaint dismissed with prejudice in an *interlocutory* order. State Farm could not appeal and we dare say it could not force its way into the courtroom and demand participation when in the eyes of the court it was no longer a party. We might add that there is nothing in this record indicating that Hutcheson's carrier was unwilling to take an active part in the litigation.

■ Much is argued about the principles of equitable estoppel and ratification concerning the Hutcheson—Knight/Allstate release and their effect thereon. The fact remains that Knight and his carrier paid Hutcheson $844.28 for which the latter executed a release. This brought to a halt any further claims by these parties against each other arising out of the accident in question. However, from what we pointed out above, it does not have any effect on appellant's claim for BRBs paid against Allstate. We might add, parenthetically,

that we, as did the trial court, can find not one shred of evidence indicating that Knight had no knowledge of the execution of the release. On the other hand, that possibility exists, but we look to the record only and agree with the lower tribunal in this respect.

In the event its cause should be reversed on direct appeal, Allstate takes the position that in view of the jury's apportionment of fault between Knight and Hutcheson that appellant's recovery of BRBs should be limited to 75% because the panel found 25% of the fault to be Hutcheson's. Of course, the trial court had no reason and thus no opportunity to pass upon that issue, so we will remand that portion of the case for further consideration.

On direct appeal, the judgment is reversed with directions that the intervening complaint be reinstated and remanded for further proceedings to determine if the basic reparation benefits paid by appellant should be apportioned in conformity with jury verdict. The cause on cross-appeal is affirmed.

All concur.