Shane BOTTOMS, Larry Bottoms, Appellants,

v.

Edward BOTTOM, Appellee.

No. 93–CA–0925–MR.

Court of Appeals of Kentucky.

July 22, 1994.

Elmer J. George and Mark L. Morgan, Lebanon, for appellants.

Thomas Neal Kerrick and J. Brent Travelsted, Campbell, Kerrick & Grise, Bowling Green, for appellee.

Before HOWERTON, McDONALD and WILHOIT, JJ.

McDONALD, Judge.

On May 15, 1990, there was a collision between the vehicles driven by Shane Bottoms and Edward Bottom.[1] The automobile Shane was driving was owned by his father, Larry Bottoms, who had obtained liability insurance coverage from Kentucky Farm Bureau Insurance Company. In February, 1991, Roy Mays, a Farm Bureau agent, negotiated a settlement with Edward and his wife, Sylvia Bottom. For the *sole* consideration of $13,500, Edward and Sylvia released any claim against Larry for any personal injuries or loss to property arising from the accident. The release specifically provides that the payment is not to be construed as an admission of liability on the part of Larry and does not even mention Shane. The release was executed by Edward and Sylvia. Mays, the agent who negotiated the settlement for Farm Bureau, testified that Larry and Shane were not aware of his negotiations with Edward and Sylvia and thus did not approve the settlement.

On May 15, 1992, Shane and Larry commenced the instant action in the Taylor Circuit Court against Edward, alleging that Edward "negligently and carelessly operated his motor vehicle so as to cause [the] collision." The complaint alleged that Shane had incurred medical expenses exceeding the threshold in KRS 304.39–020 and had sustained a permanent injury. Larry's claim was for the property damage incurred to his vehicle.

Edward moved to dismiss the complaint based on this Court's opinion in *State Farm Mutual Automobile Insurance Company v. Allstate Insurance Company*, Ky.App., 684 S.W.2d 283 (1985). In that case the defendant Knight's third party complaint was dismissed by the trial court which held that the doctrine of equitable estoppel prevented the third-party plaintiff from pursuing a claim against one with whom he and his insurer had settled the latter's claims. Our Court held as follows:

> Much is argued about the principles of equitable estoppel and ratification concerning the Hutcheson–Knight/Allstate release and their effect thereon. The fact remains that Knight and his carrier paid Hutcheson $844.28 for which the latter executed a release. This brought to a halt any further claims by these parties against each other arising out of the accident in question.

*Id.* at 286.

In a terse order that cites no authority, the trial court dismissed Shane's and Larry's complaint on February 8, 1992. We assume, because of the argument made by the appellee in the trial court, that it was relying on the language quoted above from the *State Farm* opinion. In their appeal the appellants try to distinguish their case from that in *State Farm*. While there are some differences, we do not find them relevant.

We nevertheless reverse, as there is clear authority to the contrary emanating from our highest court which we are bound to follow. SCR 1.030(8)(a). Unfortunately, that authority was not cited by counsel for either party to the *State Farm* Court or to this Court.[2]

The case of *Bratton v. Speaks*, Ky., 286 S.W.2d 526 (1956), holds as follows:

> The issue in this appeal is: What effect shall be given a settlement of a tort claim made between an injured third party and the liability insurer, insofar as the rights of the insured are concerned?
>
> Although the liability insurance contract is not in the record, it is agreed by the parties hereto that the policy does not empower the insurer to settle claims *for* the insured but only to adjust demands

---

1. To avoid confusion due to the similarity in the parties' last names, we will refer to all parties by their first names.

2. It has been suggested by Judge Wilhoit that we should overrule the *State Farm* case *en banc*. However, it seems superfluous for 14 judges to overrule a case that has no precedential value.

*against* him. Furthermore, the standard liability insurance policy ordinarily gives the insurer the right to make such investigation, negotiation and adjustment of any claim or suit it deems necessary, and it is well-established the insurer may effect any compromise and release of the claim or suit of a third person it considers just and advantageous, provided in doing so it acts in good faith. Such authority permits the insurer to act independently in order to protect the insured's as well as its own interest, since it is required by the policy to defend the insured against loss within the limits set forth therein. (Emphasis original).

Speaks argues the liability insurer's authority to settle his claim against Bratton by implication conferred authority upon the insurer to adjust any demand Bratton might have against him. To this contention we cannot lend our approval. It is a well-known principle of the law of agency that for the principal to be bound by the act of the agent, the latter must have acted with either the express or implied authority of his principal, and that if the agent was acting entirely outside his principal's business and for some purpose of his own, it is not the act of the principal unless he adopts it. See 2 Meacham on Agency, 2nd Ed., sections 1719 and 1720.

We subscribe to the view that the insured should not be bound by any agreement of which he had no knowledge and to which he did not give his consent, affecting a claim he might have against a third party; and, although a standard liability insurance policy bestows upon the insurer the right to defend claims and suits against the insured, *it does not entitle the insurer to compromise and release demands of the insured against a third person unless there is express or implied authority under the contract between the parties empowering the insurer to settle a claim sounding in tort for which the insured may assert damages against a third party.* (Emphasis added).

Even if it be conceded that the liability insurer was acting as agent for the insured in settling the claim with Speaks, the record does not show and it may not be presumed in the absence of any evidence on the point, that the compromise made and the release taken by the liability insurer constituted a settlement of the insured's claim against Speaks or that the settlement was made with the knowledge and consent of the insured.

While *Bratton* has been around awhile, it is still the law in Kentucky. *See also, Burnett v. Ahlers,* Ky., 483 S.W.2d 153 (1972), and *Martin v. Guttermuth,* Ky., 403 S.W.2d 282 (1966).

It is undisputed that Larry and Shane did not participate in the negotiation process. Furthermore, Edward and Sylvia could have protected themselves by requiring Larry and Shane to release their claims in consideration for their release. However, the release recites that the sole consideration is $13,500 and specifically sets out that it is "not to be construed as an admission of liability on the part of Larry...." The appellee's assertion in his brief that Farm Bureau's investigation "obviously revealed Shane Bottoms to be responsible for the collision" is pure speculation. Farm Bureau's reasons for settling Edward's and Sylvia's claims are not necessarily based on who, in its opinion, was at fault. The insurer's decision to pay Edward and Sylvia may have been based on economic considerations. It may have been more feasible to pay Edward and Sylvia $13,500 than to pay for any litigation attendant to their claim.

Also, the appellee's argument that appellants "fail to recognize the inherent disadvantage" appellee faces is almost beyond hope. Edward and Sylvia did not have to settle their claims. We do not know what disadvantage they are now under. While they are precluded from filing a counterclaim against Larry and Shane, nothing prevents them from defending the claim and proving, if they can, Shane to be at fault for the collision.

Accordingly, the trial court having erred as a matter of law in dismissing the complaint, the case is remanded for a trial on the merits.

All concur.