STANFORD HEALTH & REHABILI-TATION CENTER; Beverly Health and Rehabilitation Services, Inc.; Beverly Enterprises, Inc.; Beverly California Corporation a/k/a Beverly Enterprises, Inc. d/b/a Beverly Health and Rehabilitation Services, Inc.; Golden Living Center–Stanford; and GGNSC Stanford LLC, Appellants,

v.

Lucille BROCK, Individually and as the Administratrix of the Estate of Glen Williams, Deceased, and on behalf of All Wrongful Death Beneficiaries of the Estate of Glen Williams, Deceased, Appellees.

No. 2009–CA–000160–MR.

Court of Appeals of Kentucky.

Jan. 29, 2010.

Rehearing Denied April 13, 2010.

Discretionary Review Denied by Supreme Court March 16, 2011.

Case Ordered Published by Supreme Court March 16, 2011.

A. Courtney Guild, Jr., Edward L. Schoenbaechler (argued), Hall, Render, Killian, Health & Lyman, P.S.C., Louisville, KY, for appellants.

Jacques G. Balette (argued), Markes Balette & Giessel, P.C., Houston, TX, for appellees.

Before CAPERTON and STUMBO,

Judges; KNOPF,[1] Senior Judge.

## OPINION

KNOPF, Senior Judge:

Appellants (collectively "Stanford") appeal the January 5, 2009, order of the Lincoln Circuit Court. That order found that an arbitration agreement was unenforceable in a lawsuit initiated against Stanford by Lucille Brock, on behalf of Glen Williams, now deceased. Because we hold that the trial court's findings of fact were supported by substantial evidence, we affirm.

Williams was admitted to Stanford, a nursing home facility, on June 11, 2004. At that time, he was presented with approximately 15–20 documents for review and signature, including an arbitration agreement. Jacquie Smith, the admission coordinator for Stanford, was present during the admission process and presented the documents to Williams. It is undisputed that Williams did not sign the arbitration agreement and that his sister, Brock, signed his name on the document. Williams died on April 1, 2006, and Brock was appointed administratrix of his estate. Brock subsequently filed suit against Stanford, alleging negligence, violation of statutory duties, breach of contract, and breach of fiduciary duty. Brock also sought punitive damages.

Stanford filed a motion to compel arbitration, citing to the arbitration agreement signed by Brock. That motion was denied in an order that did not contain either findings of fact or conclusions of law. Stanford appealed that order and a panel of this Court subsequently vacated and remanded it, with instructions to reconsider Stanford's motion and render an order setting forth specific findings of fact and conclusions of law.[2]

After remand, the trial court held an evidentiary hearing as to the validity of the arbitration agreement. An order was then entered, on January 5, 2009, denying Stanford's motion to compel arbitration. In support of its decision, the trial court found that neither Williams, nor anyone authorized to sign on his behalf, actually executed the agreement and that that agreement was unconscionable. This appeal followed.

On appeal, Stanford makes three arguments. They are: 1) the trial court erred as a matter of law when it determined that Smith had a duty to insure that Williams understood the arbitration agreement; 2) the trial court's finding that Williams did not authorize Brock to sign for him is clearly erroneous and not supported by substantial evidence; and 3) the arbitration agreement conforms to all common law and statutory requirements and is not unconscionable.

A trial court's findings of fact will "not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." CR [3] 52.01. A finding of fact is clearly erroneous when it is not supported by substantial evidence. *Eagle Cliff Resort, LLC v. KHBBJB, LLC,* 295 S.W.3d 850, 853 (Ky.App.2009). Substantial evidence has been defined as that which, when taken alone or in light of all the evidence, has sufficient probative value to induce conviction in the mind of a reasonable person. *Secretary, Labor Cabinet v. Boston Gear, Inc.,* 25 S.W.3d 130, 134

---

1. Senior Judge William L. Knopf sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

2. *See Stanford Health & Rehabilitation Center v. Brock,* 2008 WL 2312775 (Ky.App.2008) (2007–CA–001703–MR).

3. Kentucky Rules of Civil Procedure.

(Ky.2000). Legal issues will be reviewed *de novo. Sherfey v. Sherfey,* 74 S.W.3d 777 (Ky.App.2002), *overruled on other grounds by Benet v. Commonwealth,* 253 S.W.3d 528 (Ky.2008).

■ The trial court concluded that the arbitration agreement is unenforceable for two separate reasons. These are: 1) neither Williams nor anyone authorized to sign on his behalf actually executed the agreement, and 2) the agreement is unconscionable. In support of its conclusion that the agreement was not properly executed, the trial court made numerous findings. Specifically, it found that Williams was mentally competent at the time of the admission process, that he had no legal representative, that he had not executed a power of attorney, that he informed Smith that no one had the authority to act on his behalf, and that he did not authorize Brock to sign his name to the arbitration agreement. The trial court further found that Brock had made it clear to Smith that she did not have the authority to act on behalf of Williams.

After reviewing the testimony of the parties, we hold that the trial court's findings are supported by substantial evidence. The trial court concluded that the agreement is unenforceable because it was not signed by Williams nor an agent thereof, and such a conclusion is legally sound. *See Bottoms v. Bottom,* 880 S.W.2d 559, 561 (Ky.App.1994). As our decision on this issue is determinative of the case as a whole, we need not address Stanford's remaining arguments.

For the foregoing reasons, the January 5, 2009, order of the Lincoln Circuit Court is affirmed.

ALL CONCUR.