**The STATE of Oklahoma, Appellant,**

v.

**Dennis Lee BROADRICK, Appellee.**

**No. O-79-435.**

Court of Criminal Appeals of Oklahoma.

Dec. 4, 1980.

As Corrected Dec. 19, 1980.

Andrew M. Coats, Dist. Atty., Oklahoma County, Roger Stuart, Asst. Dist. Atty., Misdemeanor Division, Oklahoma City, for appellant.

Gary Peterson, Asst. App. Public Defender, Norman, for appellee.

## OPINION

CORNISH, Presiding Judge:

The pivotal issue of this State appeal on a reversed question of law is whether "toluene," a substance contained in paint vapors, is a "drug" under the provisions of Laws 1978, c. 108, § 1, now 47 O.S.Supp.1979, § 11–902(b), Persons Under the Influence of Intoxicating Liquor or of Drugs:

Title 47 O.S.Supp.1979, § 11–902(b) provides as follows:

> It is unlawful . . . for any person who is under the influence of any substances included in the Uniform Controlled Dangerous Substances Act or who is under the influence of any other drug to a degree which renders him incapable of safely driving a motor vehicle to drive, operate, or be in actual physical control of any motor vehicle within this State. [Footnote omitted.]

At the non–jury trial it was stipulated that the appellee was driving under the influence of toluene as the result of inhaling paint vapors from gold paint. It was further stipulated that a toxicologist from the State medical examiner's office would

testify that toluene was not technically or medically a drug in a strict and literal sense. However, in his opinion, it would qualify as a drug by virtue of a layman's definition and its effect on the body. His testimony would further be that the effect of inhaling metallic paint would be basically the same as the effect on a person who is under the influence of an alcoholic beverage.

The State argues that the term "any other drug" should be construed in a nontechnical sense so as to include any substance which has an intoxicating effect. The appellee urges that because toluene is not intended to affect the structure or function of the body of man or other animals, it does not fall within the drug definition.

Toluene is a light, mobile, liquid, aromatic hydrocarbon that is used chiefly as a solvent and a raw material for trinitro–toluene dyes, pharmaceuticals and other organic compounds. [Webster's 3rd International Dictionary 1963, at page 2405]. The term "drug" may be defined by reference to definitions in other statutes.[1]

Appellee Broadrick argues that because toluene is not listed in The United States Pharmacopoeia, National Formulary XIV, and The Homeopathic Pharmacopoeia of the United States, that the trial judge's dismissal was correct. However, we believe a strong argument can be made that toluene falls within Clause 4 of the definition contained in 63 O.S.1971, § 1–1401(a) as "an article intended for use as a component of any article specified in Clause 1, 2, or 3," because toluene is used as a raw material in pharmaceuticals. When viewed as a component in pharmaceuticals, it is not an untenable application of statutory construction to hold that toluene falls within the definition of drugs provided in 63 O.S.1971, § 1–1401(a).

We are further of the opinion that when paint vapors are inhaled for their intoxicating effect, they fall within Clause 3, which includes "articles (other than food) intended to affect the structure or any function of the body of man or any other animals." Also applicable is Laws 1979, c. 105, § 1, now 37 O.S.Supp.1979, § 8(A), which provides penalties for consuming or inhaling intoxicants in public places.[2]

---

1. There are three virtually identical statutory definitions of the term "drug" in the Oklahoma statutes.

Title 63 O.S.1971, § 1–1401(a) provides:
The term "drug" means (1) articles recognized in the official United States Pharmacopoeia, official Homeopathic Pharmacopoeia of the United States, or official National Formulary, or any supplement to any of them; and (2) articles intended for use in the diagnosis, cure, mitigation, treatment or prevention of disease in man or other animals; and (3) articles (other than food) intended to affect the structure or any function of the body of man or other animals; and (4) articles intended for use as a component of any article specified in clause (1), (2) or (3); but does not include devices or their components, parts or accessories.

Another statutory definition of the term drug is found in 59 O.S.Supp.1979, § 353.1(3) which provides:
"Drugs" means all medicinal substances and preparation recognized by the United States Pharmacopoeia and National Formulary, or any revision thereof, and all substances and preparations intended for external and internal use in the cure, diagnosis, mitigation, treatment or prevention of disease in man and all substances and preparations, other than food, intended to affect the structure or any function of the body of man.

Title 63 O.S.Supp.1979, § 2–101.14 provides:
"Drugs" means articles recognized in the official United States Pharmacopoeia, official Homeopathic Pharmacopoeia of the United States, or official National Formulary, or any supplement to any of them; articles intended for use in the diagnosis, cure, mitigation, treatment or prevention of disease in man or other animals; articles (other than food) intended to affect the structure or any function of the body of man or other animals; and articles intended for use as a component of any article specified in this paragraph; but does not include devices or their components, parts or accessories.

2. 37 O.S.Supp.1979, § 8(A) provides:
Any person who shall, in any public place, or in or upon any passenger coach, streetcar, in or upon any other vehicle commonly used for the transportation of passengers, or in or about any depot, platform, waiting station or room, drink or otherwise consume any intoxicating liquor, intoxicating substance, or intoxicating compound of any kind, or inhale glue, paint or other intoxicating substance, or if any, person shall be drunk or intoxicated in any public or private road, or in any passen-

We find the trial court erred in dismissing the case. We hold that toluene is a drug within the meaning of 47 O.S.Supp. 1979, § 11–902(b), supra. The judgment is REVERSED.

BRETT and BUSSEY, JJ., concur.

ger coach, streetcar, or any public place or building, or at any public gathering, from drinking or consuming such intoxicating liquor, intoxicating substance or intoxicating compound or from inhalation of glue, paint or other intoxicating substance, or if any person shall be drunk or intoxicated from any cause and shall disturb the peace of any person, he shall be guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not less than Ten Dollars ($10.00), nor more than One Hundred Dollars ($100.00), or by imprisonment for not less than five (5) days nor more than thirty (30) days, or by both such fine and imprisonment.