Roger J. AYERS, Nancie F. Ayers, Mills Distributing Company and Rebel Express, Inc., Appellants,

v.

Janice J. STRAIGHT, d/b/a Midway Lounge and J.F.V. Corporation, Appellees.

Janice J. STRAIGHT, d/b/a Midway Lounge, Appellee,

v.

Roger J. AYERS, Nancie F. Ayers and Rebel Express, Inc., Appellants.

Janice J. STRAIGHT, d/b/a Midway Lounge, Appellee,

v.

Randy Joe BARNES, Appellant.

No. 86–1377.

Supreme Court of Iowa.

April 13, 1988.

R. Jeffrey Lewis and James L. Pray of Gamble, Riepe, Webster, Davis & Green, Des Moines, for appellants Roger J. Ayers, Nancie F. Ayers, Mills Distributing Co. and Rebel Exp., Inc.

Donald C. Beattie, J. Kirk Norris and Ed Skinner of Skinner, Beattie & Wilson, Altoona, for appellant Randy Joe Barnes.

Lee H. Gaudineer and H. Loraine Schnoor of Austin & Gaudineer, Des Moines, for appellee Janice J. Straight.

Gordon K. Darling, Jr. of Darling, Chickering & Darling, Winterset, for appellee J.F.V. Corp.

Considered by SCHULTZ, P.J., and LAVORATO, NEUMAN, SNELL, and ANDREASEN, JJ.

SCHULTZ, Justice.

In this case the owners of various property interests in a semi-truck and cargo damaged by its intoxicated driver sued two dram shops under Iowa Code section 123.92 (1981). In turn, the dram shops sought equitable contribution from the intoxicated driver, his employers and the owner of the truck.

All parties sought relief from adverse claims by motions for summary judgment. Ruling on such motions, the district court first refused to dismiss the actions for contribution based on active negligence. However, the district court then dismissed the plaintiffs' actions against the dram shops. It ruled that each plaintiff was prevented from bringing this suit by Iowa Code section 123.94 which prohibits an action for contribution or indemnity by "any insurer, guarantor or indemnitor of any intoxicated person." We hold that plaintiffs are not precluded from bringing an action by this section. We further believe that a dram shop may properly seek contribution from those who share common liability for the injuries caused. Therefore, we affirm in part, reverse in part, and remand.

As this appeal arises from pretrial rulings, we must garner our facts from the pleadings and admitted facts. On review, we must look at the record in the light most favorable to the non-moving party. *Enochs v. City of Des Moines*, 314 N.W.2d 378, 379–80 (Iowa 1982).

I. *Facts and Proceedings.* On December 19, 1982, Randy Joe Barnes was operating a semi-truck rig while intoxicated and drove off the highway, damaging the tractor and trailer and causing expense in moving and salvaging the cargo. Prior to the accident Barnes had become intoxicated at a bar owned by defendant Janice J. Straight and later, while still intoxicated, purchased and consumed beer from a gas station owned by defendant J.F.V.

At the time of the accident, the operation of the semi-truck rig involved several ownership and lease interests. The rig was operated by Rebel Express, Inc. (Rebel), a trucking business that held a certificate of authority to transport commodities issued by the Interstate Commerce Commission. Rebel leased the tractor from titleholders Roger and Nancie Ayers (Ayers). The Ayers owned all the stock in Rebel and Roger was president of Rebel. Rebel was operating the trailer under a lease-purchase agreement with its titleholder, Mills Distributing Co. (Mills). Rebel and the Ayers employed Barnes to drive the truck.

We shall review the status of the pleadings at the time the actions were dismissed. The plaintiffs jointly sued the two dram shops for damages that each party sustained. The Ayers' claim was for the tractor damage, Mills' claim was for the trailer damage and Rebel's claim was for the cost of salvaging the cargo. Great West Casualty Company [1] had reimbursed each plaintiff for this damage less a deductible on each claim. Ayers and Rebel also sought the unreimbursed damage for down-time of the rig.

Straight and J.F.V. sought contribution from Barnes in the event they were held

---

1. The Great West policy was obtained and paid for by Rebel. Although Great West originally sought to recover its subrogation interest against the dram shops, it later dismissed its claims. The facts indicate that Great West will be entitled to recover the money paid under the policy from any recovery the plaintiffs receive in this action.

liable to the plaintiffs. Straight also sought contribution from the Ayers and Rebel, alleging that they were actively negligent[2] in maintaining the mechanical condition of the tractor and in supervising their employee Barnes.[3]

The defendants moved for a summary judgment dismissing plaintiffs' claims on the grounds that Iowa Code section 123.94 precluded such an action. Plaintiffs Ayers and Rebel, and Barnes, moved for partial summary judgment and adjudication of law points, arguing that the dram shops had no right of contribution against them. The court, after hearing, sustained the defendants' motion but overruled the plaintiffs'.

On appeal the Ayers, Mills and Rebel challenge the dismissal of their claims and all rulings inconsistent with their contention that section 123.94 does not preclude recovery. Barnes, Ayers and Rebel also claim that a dram shop cannot claim contribution from either the intoxicated driver or from those who might share his liability.

■ II. *Does section 123.94 bar plaintiffs' claims?* Plaintiffs seek recovery under the dram shop statute. That statute provides that "[e]very ... employer or other person who shall be injured in person or property ... by any intoxicated person or resulting from the intoxication of any such person, shall have a right of action" against a dram shop licensee who sells alcoholic beverages to the person while intoxicated or to the point of intoxication. Iowa Code § 123.92 (1981). Although the plaintiffs' petition seems to fall within the terms of section 123.92, the district court held that their action was barred by the language in section 123.94. This section states: "No right of action for contribution or indemnity shall accrue to any insurer, guarantor or indemnitor of any intoxicated person for any act of such intoxicated person against any licensee...." Consequently, the issue is whether plaintiffs fall within the prohibition of section 123.94.

The plaintiffs claim that they are seeking recovery for their own individual losses caused by the intoxicated driver. Although the Ayers and Rebel concede that they would be vicariously liable to third parties for Barnes' actions, they argue that they are not seeking contribution or indemnity, but rather recovery for damage to their own property. As they do not seek contribution or indemnity for a loss that they were required to pay someone else, they maintain that they do not come within the terms of section 123.94. The district court did not directly address this contention. Rather, it reasoned that Great West would be the real beneficiary of any recovery and that this would be improper because it had found that Great West was Barnes' insurer. The court concluded that section 123.94 was enacted to prevent an intoxicated person's insurer from having more rights than the intoxicated person. As to the loss absorbed by each plaintiff due to the deductible, the court concluded that each plaintiff was also an "insurer, guarantor or indemnitor" of the driver and was also precluded under section 123.94. We turn now to address the meaning of this section.

In interpreting statutes, our ultimate goal is to ascertain and give effect to the intention of the legislature. *Beier Glass Co. v. Brundige*, 329 N.W.2d 280, 283 (Iowa 1983). We look to the object to be accomplished, the mischief to be remedied, or the purpose to be served and construe the statute so that it will best effect rather than defeat the legislative purpose. *Id.* Thus, we begin by looking at the state of the law at the time the statute was enacted. *See Doe v. Ray*, 251 N.W.2d 496, 501 (Iowa 1977).

In 1971, the legislature enacted the present section 123.94 which provided a new prohibition against certain dram shop actions. 1971 Iowa Acts ch. 131, § 94. Prior to the enactment, liability insurers of

---

**2.** An earlier claim for contribution against Ayers and Rebel based solely on their vicarious liability for the actions of Barnes as an employee and driver was dismissed by a partial summary judgment ruling. This ruling is not an issue on appeal.

**3.** Straight was seeking contribution from the Ayers for any liability to Rebel and Mills and from Rebel for any liability to the Ayers and Mills.

vehicles driven by an intoxicated person had a cause of action against a dram shop for losses it was required to pay. *See Federated Mut. Implement & Hardware Ins. Co. v. Dunkelberger*, 172 N.W.2d 137, 141–42 (Iowa 1969). In *Federated Mutual* one insurer had a liability policy covering the intoxicated driver while another insurer provided similar coverage to the owner of the vehicle. Both insurers were required to pay injured third parties. We allowed the owner's insurer, as subrogee, to recover indemnity from the dram shop for the full amount of its settlement because the owner's liability was vicarious and his negligence was passive as compared to the active wrong of the dram shop. *Id.* at 142. We denied the indemnity claim of the driver's insurer, but allowed it to claim contribution from the dram shop as a joint tortfeasor. *Id.* at 142–43.

The legislature moved in response to our decision in *Federated Mutual* and enacted section 123.94. *See Shasteen v. Sojka*, 260 N.W.2d 48, 52 (Iowa 1977) ("[p]laintiff rightly maintains § 123.94 overrules the common law right of contribution recognized in *Federated Mutual*"); *Dairyland Ins. Co. v. Mumert*, 212 N.W.2d 436, 441–42 (Iowa 1973) ("[t]he legislative enactment of § 123.94 ... was obviously responsive to the ruling of this court in *Federated Mutual*"). The legislature specifically addressed certain types of actions, those "for contribution or indemnity" brought by "any insurer, guarantor or indemnitor of any intoxicated person." § 123.94. We must now decide if the present action is within the scope of precluded claims.

Actions for indemnity and contribution have similar characteristics. Both involve the pursuit of restitution from another person also liable for the loss. Indemnity involves a shift of the entire loss from a person held responsible to another person. *See Federated Mutual*, 172 N.W.2d at 142. Contribution, on the other hand, involves a sharing of the loss between parties who share common liability. *Id.*

Section 123.94 does not apply to the plaintiffs' action as they are seeking recovery for their own loss rather than restitution for a loss paid on behalf of the intoxicated party to a third person. The action does not involve a claim for contribution or indemnity.

The fact that plaintiffs' insurer has already reimbursed them for almost all the loss is irrelevant. *See Rigby v. Eastman*, 217 N.W.2d 604, 609 (Iowa 1974) (collateral source rule applicable in dram shop actions). Great West's policy covered and paid each owner for their individual property loss. While the policy also provided liability coverage to the driver, it expressly excluded such coverage when damage to the semi-truck and cargo is caused by the driver. Great West stands in the place of the owners of the property. On this loss it was not an insurer of the intoxicated driver.

In ruling on defendants' motion for summary judgment, the district court erred in concluding that section 123.94 furnished a defense to plaintiffs' actions. We hold that the court erred in dismissing plaintiffs' actions.

 III. *Contribution.* In other pretrial rulings the district court refused to dismiss Straight's counterclaim for contribution against Rebel and the Ayers and Straight's third-party petition for contribution against Barnes. Rebel, Ayers and Barnes challenge these rulings, claiming that common liability does not exist between them and the dram shops. They point out that a dram shop's strict liability is imposed by statute while their own liability would be based on common law negligence. In effect, they argue that common liability only exists when the injured party's theory of liability against two tortfeasors is the same, rather than when the injured party has a common right to recover or a common remedy for the same injury.

We have long recognized that a right of contribution is available between concurrent tortfeasors when those tortfeasors have a common liability to the injured party. *Rees v. Dallas County*, 372 N.W.2d 503, 504 (Iowa 1985). "A common liability exists when the injured party has a legally cognizable remedy against both the party

seeking contribution and the party from whom the contribution is sought." *Id.* at 505. In *Federated Mutual* we held that the dram shop and intoxicated driver shared common liability to an injured third party even though the liability rested on the separate grounds of strict liability and common law negligence. 179 N.W.2d at 142–43. We do not now abandon this view.

As applied to Barnes, the issue is whether the dram shop and Barnes share common liability to Ayers, Rebel and Mills even though their individual liability may be ascertained under different theories of recovery. This requires a factual hearing. The district court ruled properly on the motions raising this issue by refusing to dismiss the claims before trial.

Ayers and Rebel raise additional contentions. They argue that they cannot be liable to themselves for their own damage. While this assertion may be true in the abstract, the fallacy of the argument is that it assumes that both parties suffered the same damage and have but one claim. However, the Ayers and Rebel sought a separate recovery for a different harm to separate property interests. Without a factual hearing, we cannot ascertain whether Ayers is liable in tort to Rebel or Mills or whether Rebel is liable in tort to Ayers or Mills. At this stage of the proceeding a summary judgment on contribution would be premature. The trial court ruled correctly on these issues of contribution.

IV. *Other issues.* The district court, in ruling on a motion in limine, concluded that evidence of plaintiffs' insurance coverage would be admissible at trial. In light of our discussion in divisions II and III of this opinion we direct the court to reconsider this motion.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.