**Harold ATKINS and Elsa Tuck, Individually and as Natural Parents of Christine Atkins, Appellees,**

v.

**Paul A. BAXTER, d/b/a the Outside Inn, Appellant.**

No. 87–834.

Supreme Court of Iowa.

May 11, 1988.

Gene R. Krekel of Hirsch, Adams, Hoth, Krekel, Putnam & Cahill, Burlington, for appellant.

Carl A. Saunders of Saunders, Humphrey, Johnson & Hoyer, Fort Madison, for appellees.

Considered by McGIVERIN, C.J., and LARSON, SCHULTZ, LAVORATO and ANDREASEN, JJ.

SCHULTZ, Justice.

In this appeal we are asked to decide whether a dram shop plaintiff has been "injured in ... property" where the loss suffered is covered by insurance. The trial court ruled that the plaintiffs, Harold Atkins and Elsa Tuck, were injured in property to the extent they incurred medical and hospital expenses on behalf of their minor daughter, Christine Atkins, even though an insurance company paid most of the bills. Because we believe that this ruling best serves the purposes behind our dram shop statute, Iowa Code § 123.92 (1983), we affirm.

On April 20, 1984, shortly before her eighteenth birthday, Christine consumed alcohol at the Outside Inn, a dram shop owned by defendant Paul A. Baxter. Later that evening she lost control of her vehicle, hit a utility pole and suffered injuries which required hospital and medical care. Because Christine was a minor at the time of her accident, her parents were required by law to pay her medical expenses. Iowa Code § 597.14.

Christine's medical expenses totaled $68,-358.51. Of this amount, $703.00 was paid by her parents for bills incurred prior to her majority (father paid $162.35 and mother paid $540.65). The rest of the bills were paid by an insurance carrier for one of the parents. Of the $67,655.51 paid by the insurer, $61,724.20 was allocable to bills incurred prior to Christine's majority. The parties agree that Christine's parents can recover the $703.00 actually spent by them and that they may not recover for expenses incurred after Christine's majority. At issue is the $61,724.20. This represents medical expenses incurred by Christine's parents during her minority which were paid by the insurance company.

Iowa Code section 123.92 [1] provides a statutory cause of action to persons, including parents, who have been "injured in person or property or means of support by any intoxicated person or resulting from the intoxication of any such person" against the dram shop that sold the intoxicated person liquor. Defendant's liability under this provision is not challenged on appeal. Rather, defendant asks us to construe the term "injured in ... property" to reverse the judgment below and limit plaintiffs' recovery to their out-of-pocket loss.

This court first interpreted the words "injured in ... property" in *Federated Mutual Implement & Hardware Insurance Co. v. Dunkelberger*, 172 N.W.2d 137 (Iowa 1969). We stated:

An injury "in property" need not be a direct physical injury to property to be compensable. A claimant is usually required to show only a lessening of his total assets because of the intoxication of another in order to state a cause of action against the vendor of the liquor which caused the intoxication.

*Id.* at 141. In *Federated Mutual* we held that the owner of a car driven by an intoxicated person was injured in property to the extent of his vicarious liability to third persons injured by the driver.[2] *Id.* Recently, we interpreted the term "property" to include claims for spousal and parental con-

---

1. This section was amended in 1986. Among other things, the first sentence was changed from granting a right of recovery to "[e]very husband, wife, child, parent, guardian, employer or other person who is injured" to granting such a right to "[a]ny person who is injured."

1986 Iowa Acts ch. 1211, § 12. The change was prospective. *Id.,* § 47.

2. Although the car owner in *Federated Mutual* had liability insurance to cover this loss, the issue raised in the present case was not discussed.

sortium. *Gail v. Clark,* 410 N.W.2d 662, 669 (Iowa 1987).

Although we have never expressly addressed the issue of whether medical expenses incurred by a parent on behalf of a minor child constitute injury in property, we conclude that such loss is injury in property under section 123.92. This construction is consistent with our quoted language from *Federated Mutual*[3] which rejects a physical injury approach in favor of an economic detriment approach. Interpreting "injured in ... property" to include a parent's liability for medical expense is also consistent with our holding in *Gail* that a right to consortium is property under section 123.92. *Gail,* 410 N.W.2d at 669. In both *Gail* and the present case the injury to property, although not physical, is economic and actual.

Courts that have addressed this issue are in accord. The general rule on this issue has been stated as follows:

> It seems that expenses of caring for one who has been injured or become indigent as a result of his own or another's intoxication may be recovered as an injury to property, at least where the complainant was legally liable for such care.

Annotation, *What constitutes "injury in person or property" within civil damage or dram shop act,* 6 A.L.R.2d 798, 800 (1949).

▊ This determination does not conclude our inquiry. We must next decide whether payment of these expenses by an insurance carrier will affect a parent's right of recovery. Defendant argues that the *Federated Mutual* case limits recovery for injury in property to situations where the dram shop plaintiff suffers an actual depletion of assets. Because a person is monetarily no worse off when a loss is covered by insurance, defendant argues that there can be no injury in property.

We do not read section 123.92 or *Federated Mutual* so narrowly.

We hold that the compensable injury under section 123.92 occurs when the parent becomes obligated to pay the medical expenses of a minor child. Subsequent payment of these expenses by an insurance carrier will not lessen a dram shop's liability for the injury suffered. A contrary conclusion would conflict with the collateral source rule and the purposes behind our dram shop statute.

We have long adhered to the collateral source rule which prevents a wrongdoer from avoiding liability for injuries caused because the injured party has received compensation from another source. *Clark v. Berry Seed Co.,* 225 Iowa 262, 271, 280 N.W. 505, 510 (1938). This rule includes benefits and payments from an injured party's insurance company. *Iowa Power & Light Co. v. Board of Water Works Trustees,* 281 N.W.2d 827, 833 (Iowa App. 1979); *see Stewart v. Madison,* 278 N.W.2d 284, 293–94 (Iowa 1979). We have previously held that the collateral source rule applies to dram shop recovery. *See Ayers v. Straight,* 422 N.W.2d 643, 646 (Iowa 1988); *Rigby v. Eastman,* 217 N.W.2d 604, 609 (Iowa 1974). It is true that defendant has raised an issue of statutory interpretation and not an issue concerning the applicability of the collateral source rule. However, we do not lose sight of the fact that the interpretation urged by defendant would, in effect, abrogate the collateral source rule in the area of dram shop recovery. This is not what the legislature intended.

Defendant's statutory construction argument has been rejected in Illinois under similar facts. In *Thompson v. Tranberg,* 45 Ill.App.3d 809, 4 Ill.Dec. 361, 360 N.E.2d 108 (1977), a mother sought recovery from a dram shop for medical expenses incurred because of injuries sustained by her daughter. The dram shop argued that payment

---

**3.** The quoted statement from the *Federated Mutual* decision was taken almost verbatim from an Iowa Law Review article. *See* Comments on Recent Cases, 48 Iowa L.Rev. 193, 195 (1962). The court cited to this article and to the cases cited in footnotes 9 and 10 of the article. Among the cases referred to were *Kelly v.*

*Hughes,* 179 N.E.2d 273, 274, 33 Ill.App.2d 314 (1962), and *Iszler v. Jorda,* 80 N.W.2d 665, 669 (N.D. 1957). These cases both held that a parent who pays for medical expenses of a minor child suffers injury in property, even when the child's own intoxication led to the injury.

of these expenses by the mother's insurer precluded recovery. The court stated:

> The contention on behalf of [the dram shop] that there was no proof of injury to the property of [the mother] is not persuasive. Medical and hospital expenses are compensable under the Dram Shop Act. Nor does the fact that the expenses were in fact either wholly or partly paid from the collateral source of insurance proceeds available to the plaintiff ... prevent recovery.

*Id.* at 811, 4 Ill.Dec. at 363, 360 N.E.2d at 110 (citations omitted).

A similar interpretation of our dram shop statute would best effect the legislative intent behind it. We have stated that Iowa's dram shop statute is intended to place a hand of restraint on persons permitted to sell liquor and should be construed liberally to discourage the serving of excess liquor. *See Shasteen v. Sojka*, 260 N.W.2d 48, 50 (Iowa 1977); *Rigby*, 217 N.W.2d at 608; *Federated Mutual*, 172 N.W.2d at 140; *Wendelin v. Russell*, 259 Iowa 1152, 1157–58, 147 N.W.2d 188, 192 (1966).

Defendant argues that plaintiffs will receive a windfall if injury in property is not narrowly construed. We find no merit in this contention. One of the parents, not the defendant, advanced the consideration for this coverage. Recovery under the policy is between the insured and the insurer. If the parents benefit from this coverage the dram shop is in no position to complain. The only risk of windfall would be the defendant avoiding liability because of the plaintiffs' foresight in obtaining insurance.

Finally, we note that Iowa Code section 123.94 (1983) does not affect our decision. That section is simply not applicable to the facts of this case. *See Ayers*, 422 N.W.2d at 646. In conclusion, we hold that the trial court correctly construed our dram shop statute and affirm the judgment accordingly.

AFFIRMED.