**Lawrence FELDER, Guardian of Michael Felder; Caroline K. Willie and Sandra S. Fassbinder, Administrators of the Estate of Linda Felder, Deceased; Henry Fassbinder and Sandra S. Fassbinder, Guardians of Kelly Felder and Annie Felder; and Richard Felder, Individually, Appellants,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and Jerome W. Ben, Appellees.**

No. 91–1597.

Supreme Court of Iowa.

Jan. 20, 1993.

Robert C. Tilden and Robert M. Jilek of Simmons, Perrine, Albright & Ellwood, Cedar Rapids, for appellants.

William C. Fuerste, Douglas M. Henry, Norman J. Wangberg of Fuerste, Carew, Coyle, Juergens & Sudmeier, P.C., Dubuque, for appellees.

Considered by LARSON, P.J., and CARTER, LAVORATO, NEUMAN, and ANDREASEN, JJ.

LARSON, Justice.

Michael Felder was seriously injured in an automobile accident caused by Jerome Ben, whose liability policy provided $100,000 for "bodily injury" and $100,000 for "property damage." Felder collected the $100,000 maximum for personal injury, then claimed additional "property" damages for diminution of assets, based on his payment of expenses beyond those covered by the personal injury provisions. Felder's family sued Ben for loss of consortium, which they, likewise, claim as "property damage" within the meaning of Ben's policy. The district court held that the loss-of-

consortium and diminution-of-assets claims were not covered by the property damage limits of Ben's policy.

■ The policy defined "bodily injury" as "injury to a person and sickness, disease or death which results from it"; however, it provided no definition of the term "property damage." Does it encompass claims for loss of consortium and diminution of assets? We agree with the district court that it does not.

State Farm, agreeing to litigate the plaintiffs' claims for loss of consortium and diminution of assets, was joined as a defendant. After the filing of the suit, Michael Felder's wife, Linda, died in an unrelated automobile accident, and plaintiffs Willie and Fassbinder were appointed administrators of her estate.

While the policy does not define property damage, it is often defined as "physical injury to or destruction of tangible property," or an equivalent. *See, e.g., First Newton Nat'l Bank v. General Casualty Co.,* 426 N.W.2d 618, 621 (Iowa 1988).

Our cases have frequently characterized loss-of-consortium claims as claims involving property rights, at least in dramshop cases. *See, e.g., Gail v. Clark,* 410 N.W.2d 662, 667–69 (Iowa 1987). In fact, this is the general rule in dramshop cases, which provide a right of recovery for "injury in person or property." *See Atkins v. Baxter,* 423 N.W.2d 6, 8 (Iowa 1988); Annotation, *What Constitutes "Injury in Person or Property" Within Civil Damage or Dram Shop Act,* 6 A.L.R.2d 798, 800 (1949).

In resisting the plaintiffs' claims, State Farm relies on the "limits of liability" provisions of its policy, which provide that the company will pay up to $100,000 "for *all* damages due to bodily injury to one person." (Emphasis added.) It argues that this necessarily excludes any additional coverage under the property damage provisions of the policy, through either a consortium or diminution-of-assets claim, if they arise out of personal injury.

Despite our characterization of claims for loss of consortium as property claims in dramshop cases, we do not believe they constitute property *damage* for purposes of an automobile liability policy if those claims arise solely out of a personal injury.

To hold otherwise would mean that a policy such as this provides two separate coverages for the same loss, *i.e.,* loss arising out of personal injury to the victim. As to Michael's claim for diminution of assets, this would simply be another way of expanding the policy limits on bodily injury by labeling his payment of expenses arising out of the injury as a property loss. This would effectively expand the policy limits for personal injury from $100,000 (the stated limit for personal injury) to $200,000 (the $100,000 for personal injury plus $100,000 for property damage).

■ We agree with the Louisiana Supreme Court, which in an analogous case, said

"[p]roperty damage" is not defined in the policy, but common sense dictates that it means damage to tangible property ... and not consequential losses arising from loss of use or damage to property.

*Borden, Inc. v. Howard Trucking Co.,* 454 So.2d 1081, 1090 (La.1983).

We agree with the district court that the claims for consortium and diminution of assets, which arise directly out of the injury to Michael, do not constitute property damage within the meaning of the liability policy. Despite the failure of the policy to define property damage, we believe it is clear that it refers to damage to tangible property. We therefore affirm.

AFFIRMED.